**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART N. ABRAMSON | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CARIBBEAN CRUISE LINE, INC., and | ) |
| PLAZA RESORTS, INC. | )    Case No. _____ |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**<u>DEFENDANTS CARIBBEAN CRUISE LINE, INC. AND PLAZA RESORT, INC'S
NOTICE OF REMOVAL</u>**

Defendants CARIBBEAN CRUISE LINE, INC. ("Caribbean") and PLAZA RESORTS, INC. ("Plaza") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and with full reservation of all defenses, hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania (Civil Division Arbitration Docket), Case No. AR-14-001026 to the United States District Court for the Western District of Pennsylvania.  In support of this Notice of Removal, Defendants state the following:

I.      **<u>Background.</u>**

1.      On March 4, 2014, Plaintiff Stewart N. Abramson ("Abramson" or "Plaintiff") served this lawsuit on Defendants alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). A copy of the Complaint is attached as Exhibit "A."

2.      Plaintiff contends that he received on his residential telephone line two telephone calls from Defendants that were allegedly made with an automated voice. *See* Complaint at ¶¶9-10.

3.      Plaintiff contends in his un-numbered cause of action that by calling his residential telephone line without his prior consent, Defendants have purportedly violated various sections of the TCPA. *See* Complaint at ¶¶ 21-29.

4.      Plaintiff requests $ 9,000 in damages as a result of the purported TCPA violations.

## II.      **Basis for Jurisdiction.**

5.      This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441.  This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."

6.      Specifically, Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

7.      Pursuant to 28 U.S.C. § 1441, any civil action of which the district courts have original jurisdiction based on a claim or right arising under the Constitution, treaties or laws of the United States is removable. This Court has federal question jurisdiction and this claim is removable to the United States District Court for the Western District of Pennsylvania.

## III.      **Rule of Unanimity.**

8.      The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.

9.      All Defendants join in the removal of this action.

**IV.**     **Notice Given.**

10.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly served on all parties, and a copy will be promptly filed with the Department of Court Records of the Court of Common Pleas of Allegheny County, Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit "B."

**V.**     **Removal is Timely Filed.**

11.     Defendants were served with Plaintiff's Complaint via their registered agent on March 4, 2014.

12.     This Notice has been timely filed within thirty (30) days of Defendants' receipt of the Complaint, and within one year after commencement of the action, as required by 28 U.S.C. § 1446(b).

**VI.**     **Pleadings and Process.**

13.     As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all state court process and pleadings to this Notice of Removal. Copies of all process, pleadings, and orders received for this matter are attached hereto as Exhibit "A."

**VII.**     **Venue.**

14.     Pursuant to 28 U.S.C. § 1441(a), venue in this district is proper because this action is currently pending in the Court of Common Pleas of Allegheny County, Pennsylvania, a court sitting within the Western District of Pennsylvania.

**VIII.**     **Non-Waiver of Defenses.**

15.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of Caribbean's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

**ACCORDINGLY**, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, this Court has jurisdiction over this matter, and Defendants hereby remove this action from the Court of Common Pleas of Allegheny County, Pennsylvania to this District Court.

Dated:  April 3, 2014                          Respectfully submitted,

                                        **BUCHANAN INGERSOLL & ROONEY PC**


                                        By:  /s/ Bradley J. Kitlowski
                                             Bradley J. Kitlowski (Pa. Id. #209385)

                                             One Oxford Centre, 20th Floor
                                             301 Grant Street
                                             Pittsburgh, PA 15219-1410
                                             Telephone: (412) 562-8800
                                             Facsimile: (412) 562-1041
                                             E-mail: bradley.kitlowski@ bipc.com

                                             Attorneys for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record via email and first-class mail, postage pre-paid this 3rd day of April, 2014:

> Stewart N. Abramson
> *Plaintiff pro se*
> 522 Glen Arden Dr.
> Pittsburgh, PA 15208
> Tel: 412.362.4233
> Fax: 412.362.7668
> E-mail: legal247@verizon.net

> /s/ Bradley J. Kitlowski
> Bradley J. Kitlowski