# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART N. ABRAMSON, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 2:14-cv-00435 |
| CARIBBEAN CRUISE LINE, INC. and PLAZA RESORTS, INC. | ) Judge Maurice B. Cohill |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is a Joint Motion to Dismiss [ECF No. 15] filed by Caribbean Cruise Line, Inc. ("CCL") and Plaza Resorts, Inc. ("Plaza") pursuant to Rule 12 of the Federal Rules of Civil Procedure. In their Joint Motion to Dismiss, Defendants assert they did not violate the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), or the Federal Communication Commission ("FCC") regulations (See 47 C.F.R. §64.1200) promulgated under the TCPA, because neither company initiated a call to Plaintiff, Stewart N. Abramson ("Plaintiff" or "Abramson"), using prerecorded messages for any of the impermissible purposes [ECF No. 15 at 3]. Further, Defendants assert that, pursuant to Fed.R.Civ.P. 12(b)(2), the First Amended Complaint should be dismissed on grounds that this Court lacks personal jurisdiction over Defendant Plaza [ECF No. 15 at 4-11]. Finally, Defendants assert that Plaintiff's First Amended Complaint should be dismissed under Rule 8(a) because the Complaint impermissibly lumps Defendants together causing confusion and failing to give sufficient notice of the allegations against each Defendant [ECF No. 15 at

11-12]. For the following reasons, we will grant Defendants Motion to Dismiss in part, and deny in part.

## I. Procedural History

On April 3, 2014, Defendants filed a timely motion for removal to the United States District Court for the Western District of Pennsylvania from the Court of Common Pleas of Allegheny County under federal question jurisdiction and pursuant to 28 U.S.C. §1446 [ECF No. 1].

On April 24, 2014, Defendants filed a Joint Motion to Dismiss and supporting memorandum claiming: (1) that this Court lacks personal jurisdiction over Defendant Plaza, and (2) that the Plaintiff's Complaint failed to state a claim upon which relief could be granted with respect to both Defendants Plaza and Caribbean Cruise Line [ECF No. 12]. Therefore, the lawsuit should be dismissed because, as a matter of law, no violation of TCPA had occurred. Further, Defendants requested that Plaintiff's Complaint be dismissed pursuant to Fed.R.Civ.P 8(a) because it lacked a clear claim for relief [ECF No. 12 at 9-10].

On May 5, 2014, Plaintiff filed his First Amended Complaint seeking to cure defects present in the first Complaint [ECF No. 14]. On May 23, 2014, Defendants filed a new Joint Motion to Dismiss, reasserting their Rule 12 and Rule 8 objections, and seeking dismissal with prejudice of Plaintiff's First Amended Complaint [ECF No. 15]. On June 9, 2014 Plaintiff filed a Response to Defendants' Joint Motion to Dismiss the Amended Complaint [ECF No. 16].

## II. Relevant Facts

Caribbean Cruise Line, Inc. and Plaza Resorts, Inc. are Defendants in a case originally filed by Steward N. Abramson in the Court of Common Pleas of Allegheny County in

February 2014 [ECF No. 1, Exhibit A]. Abramson seeks compensatory damages in the sum of $3,000, plus costs and attorney's fees [See ECF No. 14 at 8].

The facts of the case are that Abramson received two calls from the same number approximately 14 minutes apart on February 3, 2014 [ECF No. 14 at 5]. According to Plaintiff's First Amended Complaint, Plaintiff answered the phone to receive the first call, but no message was delivered [ECF No. 14 at 6]. Upon answering the phone to receive the second call, Plaintiff heard, "Hi, this is Jennifer with Caribbean Cruise Line, can you hear me ok?" [ECF No. 14 at 6]. The First Amended Complaint alleges that the caller went on to say, "The reason for my call is because we're looking for qualified travelers, such as yourself, to occupy unused cabin space aboard our magnificent cruise liner." [ECF No. 14 at 6]. The First Amended Complaint also differs from the original Complaint filed with this Court, which stated that during the second call Plaintiff asked the caller to repeat their name, at which time the caller hung up [ECF No. 1 at 3].

Later that same day, Plaintiff called the number from which he had received the earlier calls [ECF No. 14 at 6-7]. The voice that answered the phone allegedly delivered the identical message Plaintiff had received during CALL 2 [ECF No. 14 at 6]. Plaintiff interacted with the voice until he was connected to a live person [ECF No. 14 at 6]. The live person stated her name was Bridgette, that she worked for CCL, and then she gave Plaintiff her direct phone number [ECF No. 14 at 6]. Plaintiff was then transferred to two other live people who each said they worked for CCL [ECF No. 14 at 6]. Plaintiff ultimately purchased a product during this final call [ECF No. 14 at 7]. Plaintiff alleges his credit card was subsequently charged by Defendant Plaza [ECF No. 14 at 7], a claim Defendants contest [ECF No. 15 at 3 n. 16]. Defendants' Joint Motion for Dismissal claims that Plaintiff never

purchased a travel package on February 3, 2014, and that the reservation number provided by Plaintiff is associated with an individual named Brian Ludin [ECF No. 15 at 3 n. 16]. Neither party provides evidence to support their position on this matter.

### III. Standard of Review for Rule 12(b)(6) Motion to Dismiss

In ruling on a Rule 12(b)(6) Motion for Failure to State a Claim upon which Relief can be granted, a court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)); (see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007)). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does, however, "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). "Factual allegations [of a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary

element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. See 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 555 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips, "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## IV. TCPA 12(b)(6) Analysis

Plaintiff's First Amended Complaint alleges violations of 47 U.S.C. §227(b)(1)(B)

5

("Restrictions on use of automated telephone equipment") and 47 C.F.R. §64.1200(a)(3) ("Delivery restrictions") [ECF No. 14 at 8]. In order to prevail on his 47 U.S.C. §227(b)(1)(B) claim, Plaintiff must prove that each Defendant "initiate[d] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)." 47 U.S.C. §227(b)(1)(B). In order to prevail on his 47 C.F.R. §64.1200(a)(3) claim, Plaintiff must prove that each Defendant "initiate[d] any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party." 47 C.F.R. §64.1200(a)(3).

### A. CALL 1

Plaintiff's First Amended Complaint does not survive Defendant's Rule 12(b)(6) Motion to Dismiss with respect to CALL 1. CALL 1 was simply a hang-up call. No verbal communication was delivered. The First Amended Complaint states, "Plaintiff believes and therefore alleges that CALL 1 was initiated to deliver to Plaintiff the same prerecorded messages that were ultimately delivered to Plaintiff during CALL 2" [ECF No. 14 at 6]. We find that because the caller hung up before anything was said, there can be no violation of the TCPA since it cannot be determined that a prerecorded voice was used. Plaintiff's assertion does not "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Rather, his allegation is the type of "threadbare recital of the elements of a cause of action" that will not allow a Complaint to survive a Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim." See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Without a more concrete factual basis for such an allegation, it cannot be said that

the claim is "plausible on its face" with respect to CALL 1. See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Further, the fact the same number that initiated CALL 1 was the number that initiated CALL 2 does not prove that the same message was going to be delivered in CALL 1 that was ultimately delivered in CALL 2. It is mere speculation on the part of the Plaintiff that the message delivered in CALL 2 was intended to be delivered in CALL 1. Therefore, we will grant Defendants' Joint 12(b)(6) Motion to Dismiss with respect to CALL 1 as Plaintiff's right to relief is not "plausible on its face." See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). We find that without materially changing the alleged facts, any possible amendment Plaintiff would submit would be futile. Accordingly, the claim with respect to CALL 1 in the First Amended Complaint will be dismissed with prejudice as to both Defendants, Plaza and CCL.

### B. Plaza and CALL 2

Plaintiff's First Amended Complaint alleges that CALL 2 was delivered by a prerecorded message stating, "Hi, this is Jennifer with Caribbean Cruise Line, can you hear me OK?" [ECF No. 14 at 6]. The message allegedly continued, "The reason for my call is because we're looking for qualified travelers, such as yourself, to occupy unused cabin space aboard our magnificent cruise liner." [ECF No. 14 at 6]. Plaintiff alleges that he called the number back later that day and heard the same prerecorded message [ECF No. 14 at 6].

Plaintiff's First Amended Complaint satisfies the requirements to survive a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss with respect to CALL 2. Plaintiff adequately alleges that Defendant CCL (1) initiated the call to his residential landline, (2) with an artificial or prerecorded voice, (3) to deliver a message, (4) without his prior express consent, and (5)

7

the call was not for one of the permissible purposes.

Plaintiff's First Amended Complaint, however, does not survive Defendant Plaza's Rule 12(b)(6) Motion to Dismiss with respect to CALL 2. Accepting the allegations as true, the pleadings show that Defendant Caribbean Cruise Line was the party that initiated the telephone call which was allegedly in violation of TCPA. Throughout the conversation, Defendant Plaza is not mentioned once. Plaintiff's Response seeks to connect the two Defendants through a concept of "factoring" [ECF No. 16 at 13]. This argument, even if accepted, only proves that Defendant Plaza earns money from transactions processed, not that they initiated the call. Simply put, Plaintiff's allegations with respect to Plaza are too attenuated and speculative to survive a Rule 12(b)(6) Motion of Dismissal. See generally Twombly, 550 U.S. at 555.

In order to cure the defects leading to our dismissal of Plaza as a Defendant in the First Amended Complaint, Plaintiff will have to allege sufficient facts to show a more definite connection between Plaza and CCL beyond mere speculation or suspicions. Plaintiff has repeatedly failed present any colorable claim of Plaza's involvement with CALL 2, beyond mere speculation and suspicions. Accordingly, we grant Defendant Plaza's Fed.R.Civ.P 12(b)(6) Motion to Dismiss.

### C. CCL and CALL 2

CCL requested dismissal of the First Amended Complaint for failure to satisfy Fed.R.Civ.P. 8(a). While the First Amended Complaint could have been more artfully drafted, it adequately informs CCL that it was in violation of TCPA with respect to CALL 2. Namely that CCL (1) initiated CALL 2, (2) using an artificial or prerecorded voice, (3) to deliver a message, (4) without the prior consent of Plaintiff, and (5) the call constituted

telemarketing for a commercial purpose. There is no question that CCL had sufficient notice of the charge against it, and the factual allegations underlying each claim, so as to satisfy the notice requirement of Fed.R.Civ.P. 8.

CCL further asserts that Plaintiff has alleged no facts to establish that either Defendant initiated the call. [ECF No. 15 at 15]. We disagree with respect to CCL since the caller allegedly stated, "Hi, this is Jennifer *with Caribbean Cruise Line* . . . ." [ECF No. 14 at 6] (emphasis added). Plaintiff's First Amended Complaint, for purposes of surviving a Fed.R.Civ.P 12(b)(6), properly alleges that defendant CCL initiated the call.

CCL next asserts that the hang-up calls could not have contained prerecorded messages [ECF No. 15 at 16]. Defendant contends that because the caller asked the Plaintiff "if [he] could hear [her] ok," the calls must have been attended because "common sense establishes that a prerecorded message without a live attendant could not, and would not, ask Plaintiff a question such as whether he could hear her OK." [ECF No. 14 at 16]. It is plausible that, as Plaintiff suggests, the prerecording was designed to sound like a live person. Further, Plaintiff's allegations that he heard the next same message when he called the number back suggest that the message was prerecorded. At the very least, when looking at the facts in the light most favorable to the plaintiff, this Court can infer that the message was prerecorded.

CCL also asserts that CALL 2 did not violate the TCPA because it was not made for commercial purposes since "nothing was said asking Plaintiff to purchase goods or services." [ECF No. 15 at 18]. We are not persuaded by this argument. Certainly, "The reason for my call is because we're looking for qualified travelers, such as yourself, to occupy unused cabin space aboard our magnificent cruise liner" is a solicitation on the part

9

of CCL to sell cabins aboard its cruise ship, which, of course, is a commercial purpose. [See ECF No. 14 at 6]. In calling the Plaintiff, CCL sought to fulfill a commercial goal of soliciting business.

On a related note, we believe CALL 2 included or introduced an unsolicited advertisement, which constituted telemarketing. [See ECF No. 15 at 18]. The TCPA defines unsolicited advertisement as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." TCPA 47 U.S.C. §227(a)(5).

CCL finally argues that Plaintiff manufactured liability under the TCPA by placing the call in which he allegedly bought goods. This is a misunderstanding of the law, which states that it is unlawful to initiate a call using a prerecorded voice message. Under Plaintiff's alleged facts, the violation of the TCPA occurred prior to, and independent of, the Plaintiff returning the call. CCL had already committed the violation of the Act when it initiated the call using a prerecorded voice message for a commercial purpose. Therefore, Plaintiff's returning of the call is immaterial to the alleged TCPA violation.

Finding that Defendant CCL's challenges to the First Amended Complaint are insufficient to warrant dismissal, we deny their Fed.R.Civ.P. 12(b)(6) Motion to Dismiss for Failure to State a Claim with respect to CALL 2.

## V. Personal Jurisdiction Standard of Review

A federal court may exercise personal jurisdiction over a non-resident Defendant to the extent permissible under the law of the forum state. Fed.R.Civ.P. 4(k)(1)(A); Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir.1992). Under

Pennsylvania's long-arm statute, we may assert personal jurisdiction over a non-resident Defendant "to the fullest extent allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); Renner v. Lanard Toys Ltd., 33 F.3d 277, 279 (3d Cir.1994). The statute's reach is coextensive with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Grand Entertainment Group, Ltd. v. Star Media Sales, 988 F.2d 476, 481 (3d Cir.1993) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)).

Consistent with the requirements of due process, we must ensure that a non-resident Defendant is subjected to personal jurisdiction only where that "nonresident Defendant has 'certain minimum contacts [with the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," specifically the extent to which the Defendant has, through its contacts, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefit and protection of its laws." Shaffer v. Heitner, 433 U.S. 186, 204 (1977); Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Personal jurisdiction may be either general or specific, and both the quality and quantity of the necessary contacts differs according to which sort of jurisdiction applies. See Goodyear Dunlap Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011). General personal jurisdiction arises from a Defendant's contacts with the forum that are unrelated to the cause of action being litigated. Id. Due process for general personal jurisdiction

requires a showing that the defendant has had "continuous and systematic contacts" with the forum state so as to render them "essential at home." See Helicopteros, 466 U.S. at 412-13, 414 nn. 8 & 9, (1984); See also Goodyear, 131 S.Ct. at 2851.

The Supreme Court clarified this test, stating "the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systemic, it is whether that corporation's affiliations with the State are so continuous and systemic as to render it essentially at home in the forum State." Daimler AG v. Bauman, 134 S.Ct. 746, 761 (2014). The place where a company is incorporated, and the location where it has its principle place of business are the "paradigm bases for general jurisdiction." Goodyear, 131 S.Ct. at 2853-54 citing Brilmayer et al, A General Look at General Jurisdiction, 66 Texas L.Rev 721, 782 (1988).

Specific jurisdiction exists "when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum." Mellon Bank, 960 F.2d at 1221. Specific personal jurisdiction comports with due process as long as the Defendant has sufficient minimum contacts with the forum state. See International Shoe, 326 U.S. at 316 (1945) (emphasis added). Put another way, when a Defendant's conduct is such that she reasonably should have foreseen being haled into court in the forum, the necessary minimum contacts have been shown. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

"The relationship [between Defendant and forum state] must arise out of contacts that the Defendant himself creates with the forum state." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused minimum contacts inquiry by demonstrating contacts between the Plaintiff and the forum state." Id.; see also Helicopteros, 466 U.S. at 417.

Further, the Supreme Court has stated that, "our minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden, 134 S.Ct. at 1122 (citing International Shoe, 326 U.S. at 319). Specific personal jurisdiction, therefore, will be held over Defendants who purposefully reach out beyond their state and into another to conduct business, "but the Plaintiff cannot be the only link between the defendant and the forum...[r]ather it is the Defendant's conduct that must form the necessary connection with the forum State and is the basis for its jurisdiction over him." Walden, 134 S.Ct. at 1122.

Ultimately, due process requires that "a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." Walden, 134 S.Ct. at 1123 (quoting Burger King, 471 U.S. at 475).

If a non-resident Defendant has sufficient minimum contacts with the forum state, the court may further consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (quoting International Shoe v. Washington, 326 U.S. at 320). Although this determination is discretionary, courts in this circuit "have generally chosen to engage in this second tier of analysis in determining questions of personal jurisdiction." Pennzoil Prods. Co. v. Colelli & Assoc., 149 F.3d 197, 201 (3d Cir.1998). Factors to be considered include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Burger King, 471 U.S.

at 477 (quoting World-Wide Volkswagen, 444 U.S. at 292).

At this point it becomes the Defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Grand Entertainment, 988 F.2d at 483 (quoting Burger King, 471 U.S. at 477).

**A. General Jurisdiction Analysis**

This Court clearly does not have general personal jurisdiction over either of the Defendants as neither can be said to be "essentially at home" in Pennsylvania. Neither company is incorporated in Pennsylvania, nor is either's principle place of business in that State. Any contacts either Defendant has with Pennsylvania cannot be said to be continuous and systemic to the point of rendering them at home in Pennsylvania. Plaintiff fails to discuss, or argue, that either Defendant is essentially at home in Pennsylvania, and thus fails to carry his burden of establishing the Defendants are subject to this Court's general personal jurisdiction.

**B. Specific Jurisdiction over Plaza Analysis**

Plaintiff fails to allege sufficient contacts between Defendant Plaza and Pennsylvania for this Court to have specific jurisdiction over the Defendant. Defendant Plaza's only interaction with the forum State was billing the Plaintiff while Plaintiff resided in the forum State. Plaintiff provides no evidence from which this Court can conclude that Defendant Plaza "expressly aimed their conduct *at Pennsylvania*," as required to establish specific personal jurisdiction. See Marten, 499 F.3d at 296 (emphasis added). The act of billing the Plaintiff in the forum State is precisely the type of "'random, fortuitous, or attenuated' contacts [a Defendant] makes by interacting with other persons affiliated with the State." Walden, 134 S.Ct. at 1123 (quoting Burger King, 471 U.S. at 475). In this case, the Plaintiff

14

is the "only link between the defendant and the forum." Walden, 134 S.Ct. at 1122. Accordingly, we lack personal jurisdiction over Defendant Plaza. Therefore, we will grant Plaza's Fed.R.Civ.P. 12(b)(2) Motion to Dismiss the TPCA claim.

Plaintiff seeks leave "to conduct jurisdictional and other limited discovery or an opportunity to amend the complaint." [ECF No. 16 at 18-19]. Based on our dismissal of Plaza as a Defendant in IV.b *supra*, Plaintiff's request for jurisdictional discovery is moot. "Because [Plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery." Iqbal, 556 U.S. at 686. Further, we noted that Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79. We will however, grant Plaintiff's request for leave to Amend the Complaint to correct deficiencies present. Should Plaintiff's Amended Complaint cure the Rule 8(a) deficiencies, we will reconsider his request for jurisdictional discovery.

### C. Specific Jurisdiction over CCL Analysis

Plaintiff has successfully pleaded that Defendant CCL has sufficient contacts with Pennsylvania such that we may exercise specific personal jurisdiction over Defendant CCL. First, we note that the call made by CCL was to a phone number bearing a (412) area code – such a code is limited to residents of Pennsylvania. By initiating a call to such a number, it can be said that Defendant CCL "expressly aimed their conduct at Pennsylvania" because the number was associated with the State of Pennsylvania. See Marten, 499 F.3d at 296. Defendant would have, or should have, known it was reaching into Pennsylvania when the call was made. This satisfies the requirement for sufficient minimum contacts under the law. See Part V, *supra*; See also Shaffer, 433 U.S. at 204. Further, we note that Defendant CCL does not contest its being subject to this Court's specific personal jurisdiction, nor does

it make any indication why it should not be subject to this Court's jurisdiction.

Finding the necessary minimum contacts to establish specific personal jurisdiction over Defendant CCL, we move to considerations of whether litigation in this forum would offend "traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. at 320. At the outset, we note that Defendant CCL has made no claim that litigation in this forum would be unreasonable. Because we found sufficient minimum contacts between CCL and Pennsylvania, and because CCL has failed to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable," we find that our exercise of specific personal jurisdiction over CCL does not offend the traditional notions of fair play and substantial justice. See Grand Entertainment, 988 F.2d at 483 (quoting Burger King, 471 U.S. at 477) (Noting that after sufficient minimum contacts are found, "it becomes the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable").

## VI. Conclusion

Pursuant to the foregoing reasoning, he hold Plaintiff's First Amended Complaint must be dismissed with prejudice with respect to CALL 1, against both Defendants, pursuant to Fed.R.Civ.P. 12(b)(6) for Failure to State a Claim. Further, we hold that Plaintiff's First Amended Complaint must be dismissed, without prejudice, against Defendant Plaza pursuant to Fed.R.Civ.P 12(b)(6) for Failure to State a Claim. Plaintiff's First Amended Complaint may proceed upon a theory of liability based upon the alleged TCPA violation with respect to CALL 2 against Defendant CCL only. Plaintiff's total possible recovery is his "actual monetary loss from such a violation, or . . . $500.00 in damages for

each such violation, whichever is greater." 47 U.S.C. §227(b)(3).

An appropriate Order follows.

DATE: June 23, 2014

Maurice B. Cohill, Jr.
Senior United States District Court Judge