UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART N. ABRAMSON,   CASE NO.: 2:14-cv-00435-MBC
    Plaintiff,
v.

CARIBBEAN CRUISE LINE, INC.,
    Defendant.

## SECOND AMENDED COMPLAINT

**I.   INTRODUCTION**

1. This is an action for damages brought by a consumer pursuant to the Telephone Consumer Protection Act and the Federal Communication Commission regulations promulgated under that Act, 47 U.S.C. §227, 47 C.F.R. §64.1200 ("TCPA"). The TCPA prohibits, *inter alia*, the initiation of a telephone call to a residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

2. During the Congressional Hearings Senator Hollings, speaking specifically about the private right of action provision in the TCPA that was ultimately passed, said:

> The substitute bill contains a private right-of-action provision that will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State court against any entity that violates the bill. The bill does not, because of constitutional constraints, dictate to the States which court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine. Nevertheless, it is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court. The consumer outrage

1

at receiving these calls is clear. Unless Congress makes it easier for consumers to obtain damages from those who violate this bill, these abuses will undoubtedly continue.

Small claims court or a similar court would allow the consumer to appear before the court without an attorney. The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages. I thus expect that the States will act reasonably in permitting their citizens to go to court to enforce this bill.  See 137 Cong. Rec. S16,205-06 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings)

3. Congress enacted this prohibition to protect telephone users "from unwanted communications that can represent annoying intrusions into daily life." *GroupMe, Inc./Skype Communications S.A.R.L Petition for Expedited Declaratory Ruling Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 29 FCC Rcd 3442, 2014 WL 1266074 (¶ 1) (2014) (GroupMe Ruling).

4. Over the past several years Defendant Caribbean Cruise Line, Inc. ("CCL") has engaged in multiple massive telemarketing campaigns involving prerecorded messages (similar to the call made to the Plaintiff in this case) that were directed to residents of several States, including Florida, California, New York, Michigan, Arizona, Illinois, and Texas.  See *Cellco Partnership dba Verizon et al v. Caribbean Cruise Line and Plaza Resorts*, 9:12-cv-81238-KAM, U.S. District Court, Southern District of Florida; *McCabe v. Caribbean Cruise Line and Plaza Resorts, et al*, 1:13-cv-06131-JG-RML, U.S. District Court, Eastern District of New York

(class action); *Jackson v. Caribbean Cruise Line*, 2:14-cv-02485-ADS-AKT, U.S. District Court, Eastern District of New York (class action); *Byrd v. Caribbean Cruise Line*, 3:13-cv-02503-L-RBB, U.S. District Court, Southern District of California (class action); *Visser v. Caribbean Cruise Line*, 1:13-cv-01029-PLM, U.S. District Court, Western District of Michigan (class action); *Baker v. Caribbean Cruise Line*, 3:13-cv-08246-PGR, U.S. District Court, District of Arizona; *Genaw v. Caribbean Cruise Line*, 2:13-cv-00183-J, U.S. District Court, Northern District of Texas; *Birchmeier et al v. Caribbean Cruise Line et al*, 1:12-cv-04069, U.S. District Court, Northern District of Illinois; *Hudak v. Caribbean Cruise Line et al*, 3:13-cv-00089-WWE, U.S. District Court, District of Connecticut; *Johnson v. Caribbean Cruise Line et al*, 1:12-cv-01184-LY, U.S. District Court, Western District of Texas; *Volpe v. Caribbean Cruise Line et al*, 1:13-cv-01646, U.S. District Court, Northern District of Illinois (class action); *Hossfeld v. Caribbean Cruise Line et al*, 1:12-cv-00901-LY, U.S. District Court, Western District of Texas; *Vessal v. Caribbean Cruise Line, Inc. et al*, 1:13-cv-01368, U.S. District Court, Northern District of Illinois; *Bank v. Caribbean Cruise Line*, 1:12-cv-05572-ENV-RML, U.S. District Court, Eastern District of New York (class action).

II.  **JURISDICTION AND VENUE**

5.  This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Financial Services LLC*, 132 S.Ct. 740 (2012).

6.  Supplemental jurisdiction arises under 28 U.S.C. §1367.

7. This Court has personal jurisdiction over Defendant CCL because: (a) Defendant has maintained systemic and continuous contacts with residents of Pennsylvania; and (b) Plaintiff's claims arise out of or are related to the telephone call that Defendant purposefully made, or caused to be made, to Plaintiff's residential telephone line in Pennsylvania.  The call in question was made to a '412' Area Code which is exclusively assigned to Western Pennsylvania.

8. Venue is appropriate in this District Court, pursuant to 18 U.S.C. §1391(b), because Defendant transacts business here and a substantial portion of the acts giving rise to Plaintiff's cause of action occurred here or were directed into this District.

### III. PARTIES

9. Plaintiff Stewart N. Abramson ("Abramson") is an adult individual residing in Allegheny County, Pennsylvania.

10. Defendant Caribbean Cruise Line, Inc. ("CCL") is a foreign corporation organized and existing under the laws of the State of Florida, and uses the address 2419 East Commercial Boulevard, Suite 100, Fort Lauderdale, FL 33308 to conduct business.

11. Defendant CCL is a telemarketer that markets travel services to potential customers nationwide, including residents of Pennsylvania, Florida, California, New York, Michigan, Arizona, Illinois, and Texas.

12. Defendant CCL is registered to sell travel services with the States of Florida, California, Indiana, and Nevada.

13. Defendant CCL and Plaza Resorts, Inc. conduct business using the same address and work in concert to market and sell travel services provided by CCL.

## IV. **STATEMENT OF CLAIM**

14. The subject matter of Plaintiff's Second Amended Complaint concerns a telephone call that was initiated by or on behalf of Defendant CCL to deliver a prerecorded message to Abramson's residential telephone line as part of a telemarketing campaign. The telemarketing call, and the prerecorded messages that it delivered, were received by Abramson at his residence, on his residential telephone number that begins with the area code 412, on February 3, 2014 at 1:18 PM Pittsburgh time ("THE CALL").

15. The caller identification number associated with THE CALL was 412-397-8804.

16. Plaintiff picked up THE CALL and said "Hello". The caller delivered a prerecorded message that started out by saying: "Hi, this is Jennifer with Caribbean Cruise Line, can you hear me OK?" Although this prerecorded message was constructed and designed to sound as if it was a person actually speaking live to the recipient of the call, in fact what Plaintiff heard was a prerecorded voice (i.e. a prerecorded message). The prerecorded message went on to say: "The reason for my call is because we're looking for qualified travelers, such as yourself, to occupy unused cabin space aboard our magnificent cruise liner."

17. Later in the day on 2/3/14, in an effort to discover more about who had called him, Plaintiff returned the call from 412-397-8804. Plaintiff again heard the identical prerecorded messages that said: "Hi, this is Jennifer with Caribbean Cruise Line, can you hear me OK?", and "The reason for my call is because we're looking for qualified travelers, such as yourself, to occupy unused cabin space aboard our magnificent cruise liner." Plaintiff interacted with what can best be described as an attended or unattended prerecorded message delivery system, until he was finally connected to someone who spoke live to Plaintiff instead of playing prerecorded messages. The live agent informed Plaintiff that her name was Bridgette, that she worked for Caribbean Cruise line, and that her direct telephone number was 888-376-0714, x5575. Bridgette transferred Plaintiff to other agents who gave their names as Dan and Robert, and each of them also informed Plaintiff that they worked for Caribbean Cruise Line.

18. THE CALL was initiated for the purpose of encouraging Plaintiff to purchase services, and it was therefore made for a commercial purpose, it included or introduced an advertisement, and it constituted telemarketing.

19. THE CALL was initiated to deliver, and it in fact delivered, prerecorded messages using an artificial or prerecorded voice.

20. Abramson has never given express consent, in writing or otherwise, to CCL or to any other entity to receive a telemarketing call or

6

a prerecorded message of any kind from or on behalf of CCL.  Thus THE CALL was initiated to deliver, and it in fact delivered, prerecorded messages without Abramson's prior express consent.

21.  THE CALL was not made for an emergency purpose.

22.  THE CALL was not made by or on behalf of a tax-exempt nonprofit organization.

23.  THE CALL did not deliver a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

24.  THE CALL was not initiated or made accidentally.  Instead, THE CALL was initiated or made willfully or knowingly.  Neither knowledge of the TCPA, nor intent to violate the TCPA, are required to find that a defendant's actions were performed willfully or knowingly (*Sengenberger v. Credit Control Services*, U.S. District Court, Northern District of Illinois, Eastern Division, 2010 WL 1791270;  *Charvat v. Ryan*, Supreme Court of Ohio, 116 Ohio St.3d 394 (2007), 2007-Ohio-6833).  However, given CCL's well-documented history with the TCPA, CCL clearly knew or should have known that THE CALL was in violation of the TCPA.

25.  THE CALL was initiated by or on behalf of Defendant CCL in violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(3).  Therefore Defendant CCL is liable to Abramson for the TCPA violations associated with THE CALL.  Pursuant to 47 U.S.C. §227(b)(3), Plaintiff is

entitled to statutory damages in the minimum amount of $500.00 which may be trebled at the court's discretion to $1,500.00 if the court determines that the Defendant CCL's actions resulting in violation of the TCPA were performed willfully or knowingly.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant CCL in the amount of one thousand five hundred ($1,500.00) dollars plus costs.

Respectfully submitted:

*/s/ Clayton S. Morrow*
Clayton S. Morrow
Attorney for Plaintiff

**MORROW & ARTIM, PC**
Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
(412) 281-1250
(412) 209-0656 Direct Telephone Contact
clay@pacreditcardlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of July 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and that notification of such filing was served upon the following via e-mail with copy to follow via ECF.

Bradley J. Kitlowski, Esquire
Bradley.kitlowski@bipc.com

 */s/ Clayton S. Morrow*
Clayton S. Morrow, Esquire
PA I.D. 53521

>Morrow & Artim, PC
>304 Ross Street, 7th Floor
>Pittsburgh, PA 15219
>(412) 281-1250
>(412) 386-3184 fax
>clay@pacreditcardlaw.com
>Attorney for Plaintiff